## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JULIUS A. LITTLEJOHN, | ) |
| | ) |
| Plaintiff, | ) Case No. 25-cv-6195 |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO and CESAR H. VILLALOBOS, | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff JULIUS A. LITTLEJOHN, by and through his attorneys, ED FOX & ASSOCIATES, LTD., brings this Complaint against Defendants CITY OF CHICAGO and CESAR H. VILLALOBOS, alleging as follows:

### JURISDICTION AND VENUE

1. The cause of action arises under 42 U.S. Code § 1983.

2. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this judicial district.

### PARTIES

4. At all relevant times, Plaintiff JULIUS A. LITTLEJOHN ("Plaintiff") was a citizen of the United States and resided within this judicial district.

5. At all relevant times, Defendant CESAR H. VILLALOBOS ("Defendant Officer") was a police officer in the Chicago Police Department. Defendant Officer acted

under color of state law and within the scope of his employment. Defendant Officer is being sued in his individual capacity.

6. At all relevant times, CITY OF CHICAGO ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officer. Defendant Officer acted as a representative, employee, and/or agent of Defendant City. Under the doctrine of *respondeat superior*, Defendant City bears liability for all state law claims committed by its representatives, employees, and agents acting within that scope.

## FACTUAL ALLEGATIONS

7. On or about May 3, 2025, Plaintiff was fixing a vehicle on a parking lot owned or leased by AutoZone at or near 208 W 87th St, Chicago, IL 60620.

8. At no point did anyone from AutoZone notify Plaintiff that entry onto the parking lot was forbidden.

9. Defendant Officer arrived at the parking lot, placed Plaintiff in handcuffs, put him inside the backseat of a police vehicle, and transported him to the police station.

10. Plaintiff was held at the police station for a few hours.

11. Defendant Officer filed a misdemeanor complaint, charging Plaintiff with Criminal Trespass to Land under 720 ILCS 5.0/21-3-A-2.

12. On June 2, 2025, the Circuit Court of Cook County dismissed the charge against Plaintiff, indicative of his innocence.

13. As a direct and proximate result of one or more actions and/or omissions mentioned above, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

14. The actions and/or omissions mentioned above were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

15. Because of the actions and/or omissions mentioned above, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorneys' fees under all relevant provisions set by law.

## COUNT I
## FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

16. Plaintiff hereby incorporates and reasserts paragraphs one (1) through fifteen (15) as though fully set forth at this place.

17. Defendant Officer falsely arrested Plaintiff when he placed him in handcuffs, put him inside a police vehicle, transported him to a police station, and held him at the police station for multiple hours without legal justification, causing him to suffer emotional and/or other injuries. Through this conduct, Defendant Officer deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Officer is liable under 42 U.S.C. § 1983.

## COUNT II
## MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

18. Plaintiff hereby incorporates and reasserts paragraphs one (1) through

fifteen (15) as though fully set forth at this place.

19. Defendant Officer maliciously prosecuted Plaintiff when he seized Plaintiff and filed a misdemeanor complaint, charging him with Criminal Trespass to Land under 720 ILCS 5.0/21-3-A-2 without legal justification, causing him to suffer emotional and/or other injuries. Through this conduct, Defendant Officer deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Officer is liable under 42 U.S.C. § 1983.

## COUNT III
## FALSE IMPRISONMENT IN VIOLATION OF ILLINOIS COMMON LAW

20. Plaintiff hereby incorporates and reasserts paragraphs one (1) through fifteen (15) as though fully set forth at this place.

21. Defendant Officer falsely imprisoned Plaintiff when he intentionally placed Plaintiff in handcuffs, put him inside a police vehicle, transported him to a police station, and held him in the police station for multiple hours without legal justification, causing him to suffer emotional and/or other injuries. Through this conduct, Defendant Officer committed false imprisonment under Illinois law. Therefore, Defendant City is liable under the doctrine of *respondeat superior*.

## COUNT IV
## FALSE IMPRISONMENT IN VIOLATION OF ILLINOIS COMMON LAW

22. Plaintiff hereby incorporates and reasserts paragraphs one (1) through fifteen (15) as though fully set forth at this place.

23. Defendant Officer maliciously prosecuted Plaintiff when he intentionally filed a misdemeanor complaint, charging him with Criminal Trespass to Land under 720 ILCS 5.0/21-3-A-2 without legal justification, causing him to suffer emotional and/or

other injuries. Through this conduct, Defendant Officer committed malicious prosecution under Illinois law. Therefore, Defendant City is liable under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

24. Defendants shall pay general damages.

25. Defendants shall pay special damages.

26. Defendants shall pay Plaintiff's attorneys' fees.

27. Defendant Officer shall pay punitive and exemplary damages.

28. Defendants shall pay the costs of the suit herein incurred.

29. Plaintiff shall have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

30. Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: June 3, 2025

    Respectfully submitted,

    */s/ Peter T. Sadelski*
    Peter T. Sadelski
    ED FOX & ASSOCIATES, LTD.
    118 N. Clinton St., Ste. 425
    Chicago, IL 60661
    (312) 345-8877
    petersadelski@efoxlaw.com
    *Attorney for Plaintiff*