UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIUS A. LITTLEJOHN,

        Plaintiff,

        V.

CITY OF CHICAGO and CESAR H.
VILLALOBOS,

        Defendants.

No. 25 CV 6195

Judge Manish S. Shah

ORDER

    Defendants' motion to dismiss, [9], is granted in part and denied in part. Count IV, alleging malicious prosecution under Illinois law, is dismissed without prejudice.

STATEMENT

    Julius Littlejohn is a long-time Chicago mechanic. For that job, he would meet clients in the parking lot of an automotive parts store and complete work on their vehicles there. In May 2025, Chicago Police Officer Cesar Villalobos detained Littlejohn in an AutoZone parking lot. Littlejohn was arrested, held for a few hours, and then released. A misdemeanor complaint was filed against Littlejohn, charging him with criminal trespass to land, but the charges were later dismissed. Littlejohn then sued Villalobos, in his individual capacity, and the City of Chicago, alleging false arrest and malicious prosecution in violation of federal and Illinois law. [1].* Villalobos and the City now move to dismiss the complaint for failure to state a claim upon which relief can be granted. [9].

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). While a plaintiff does not need to make detailed factual allegations, he must provide "more than mere 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action.'" *Wertymer v. Walmart, Inc.*, 142 F.4th 491 (7th Cir. 2025) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). I assume that a complaint's well-pleaded factual

---

* Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1].

allegations, but not its legal conclusions, are true. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter," to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "This means that the complaint must offer 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,'" or, in other words, "present a story that holds together." *Orr v. Shicker*, 147 F.4th 734, 740–41 (7th Cir. 2025) (quoting *Iqbal*, 556 U.S. at 678 then *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)) (cleaned up). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

In support of their motion to dismiss, defendants rely heavily on the body-worn camera footage of the incident from Villalobos's perspective. *See* [9]. The footage, however, was not attached to—nor was it referenced anywhere within—the complaint. "Generally, a district court cannot consider evidence outside the pleadings to decide a motion to dismiss without converting it into a motion for summary judgment." *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018). The complaint here does not fall within the narrow exception for video footage relied upon in the allegations but omitted from the complaint. *See Esco v. City of Chicago*, 107 F.4th 673 (7th Cir. 2024).

While the complaint alleges that Villalobos "filed a misdemeanor complaint, charging Plaintiff with Criminal Trespass to land under 720 ILCS 5.0/21-3-A-2," [1] ¶ 12, the misdemeanor complaint was neither attached nor incorporated by reference. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (exception applies when plaintiff actually quotes from the document or the document is central to the dispute, like a contract in a case interpreting said contract). The allegations within the misdemeanor complaint are also not subject to judicial notice. *See Tobey*, 890 F.3d at 648 (judicial notice of the contents of filings in other courts is only proper if the fact is not subject to reasonable dispute). It is not appropriate to consider the misdemeanor complaint at this stage.

The misdemeanor complaint doesn't say when the complainant informed Villalobos that Littlejohn was trespassing. *See* [9-1]. So even if I considered it, the misdemeanor charging document doesn't render Littlejohn's complaint implausible. The allegations that no one from AutoZone notified Littlejohn he was not allowed on the parking lot, [1] ¶ 8, that Villalobos handcuffed Littlejohn once he arrived at the parking lot, [1] ¶ 9, and the reasonable inference in plaintiff's favor that AutoZone did not tell Villalobos that Littlejohn had been asked to leave, support a claim for seizure without probable cause under both federal and Illinois law.

2

"Ultimately, dismissal under Rule 12(b)(6) is appropriate based on qualified immunity only when the plaintiffs' well-pleaded allegations, taken as true, do not 'state a claim of violation of clearly established law.'" *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)). Without the body-worn camera footage to supplement the allegations in the complaint, and drawing all inferences in favor of the plaintiff, as I must at this stage, the allegations in the pleadings do not establish probable cause or arguable probable cause. Littlejohn has not pled himself out of court.

Going forward, however, Littlejohn will carry the burden of demonstrating that police lacked probable cause to arrest and detain him. *Lee v. Harris*, 127 F.4th 666, 672 (7th Cir. 2025). Probable cause "exists when there is a probability or substantial chance of criminal activity." *Garcia v. Posewitz*, 79 F.4th 874, 879 (7th Cir. 2023). "Generally, 'an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause.'" *Lyberger v. Snider*, 42 F.4th 807, 813 (7th Cir. 2022) (quoting *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000)). "An officer need not even believe that a witness is reliable to determine that her statement supports probable cause for an arrest because the assessment of credibility rests with courts, not officers." *Garcia*, 79 F.4th at 880.

As to the claims for malicious prosecution under federal and Illinois law, the federal claim, Count II, alone may proceed. A plaintiff has a Fourth Amendment claim for malicious prosecution when he is prosecuted without probable cause, seized because of that prosecution, the prosecution was malicious, and the prosecution was favorably terminated. *Thompson v. Clark*, 596 U.S. 36, 42–44 (2022). Defendants contend that Littlejohn was never "seized," but being held for several hours in a police station without the ability to leave constitutes a seizure. *See Brendlin v. California*, 551 U.S. 249, 254 (2007) ("A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, 'by means of physical force or show of authority,' terminates or restrains his freedom of movement.") (cleaned up). Littlejohn has set forth sufficient allegations to state a claim for malicious prosecution under the Fourth Amendment.

Illinois and federal law differ as to what constitutes favorable termination. *Compare Thompson*, 596 U.S. at 49 (holding that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence") *with Swick v. Liautaud*, 169 Ill.2d 504, 513 (1996) ("Only when a plaintiff establishes that the *nolle prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden of proof."). Littlejohn's conclusory allegation that the Circuit Court of Cook County dismissed the charge against him, "indicative of his innocence," is not sufficient to state a claim for malicious prosecution under Illinois law.

Because the state-law claim for false arrest survives the motion to dismiss, the *respondeat superior* claim against the city also survives. Finally, it is not certain from

the face of the complaint that amendment would be futile as to Count IV, and so dismissal without prejudice is warranted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and N.W. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015).

ENTER:

Date: January 8, 2026

Manish S. Shah
United States District Judge

4